2003 OK CIV APP 56

**Tina D. BELCHER, Petitioner,**

v.

**T.D. WILLIAMSON, INC. and the Workers' Compensation Court, Respondents.**

**No. 98,156.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 28, 2003.

Certiorari Denied May 30, 2003.

Pamela K. Morgan, Jack G. Zurawik. P.C., Tulsa, OK, for Petitioner.

Steven K. Bunting, Steven K. Bunting, P.L.L.C., Tulsa, OK, for T.D. Williamson, Inc.

## OPINION

ADAMS, Presiding Judge:

¶ 1 Tina Belcher (Claimant) argues the Workers' Compensation Court erred in entering an order finding her injuries, while sustained in the course of her employment, were "caused by a condition wholly unrelated to her employment" at T.D. Williamson (Employer) and denying her request for temporary total disability benefits and medical treatment. Citing *Flanner v. Tulsa Public Schools,* 2002 OK 8, 41 P.3d 972, as authority, Claimant argues injuries to her head, neck, right shoulder, low back, cervical spine, right knee and wrists were compensable work-related injuries from a fall on May 22, 2001.

¶2 Employer's medical expert concluded her fainting episode did not arise out of and in the scope of her employment with Employer. In addition to noting subsequent incidences and events as potential sources of Claimant's claimed injuries, Employer's medical expert noted that, at the time of the fall, Claimant had several non-employment related medical conditions and that she was taking multiple medications. Thus, there is competent medical evidence that supports the trial court's order.

¶3 Further, as we must conclude from the analysis in *Flanner*, the mere fact that a fall may have been caused by a non-work related medical condition does not end our examination regarding compensability. However, applying the law regarding idiopathic falls to this matter, we must conclude the workers' compensation trial court did not err in denying compensability for injury resulting from Claimant's fall.

¶4 In *Flanner*, the claimant, a child nutritionist, suffered an epileptic seizure while in the school cafeteria. She fell into a commercial coffee pot and severely burned her arm. The Court found that the injury resulting from the claimant's idiopathic fall while at work was contributed to by the presence of the hot coffee pot and was thus compensable. No such danger was present here.

¶5 Here, Claimant was at a staff meeting,[1] felt she needed to get to a restroom quickly, rose to her feet, turned, fainted, and fell, striking a wall. She returned to work a few days later. Her treating physician's notes from two days after the May 22, 2001 fall note a history of a fainting episode, but make no references to complaints about any of the body parts Claimant claims were injured in the May 22, 2001 fall and later caused her temporary disability and need for medical treatment or to any work-related cause for her fainting and falling.

¶6 Under both a medical causation analysis and an idiopathic fall analysis, the record contains competent evidence supporting the conclusion of the trial court that Claimant's injuries from the May 22, 2001 fall did not arise out of her employment. The order denying benefits is sustained.

SUSTAINED.

JOPLIN, C.J., and BUETTNER, J., concur.